UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMESTOWN INSURANCE COMPANY, RRG, | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:11-CV-01112 |
| | § | |
| COG MANAGEMENT LLC, and | § | |
| WENDEELL REEDER, Individually and | § | |
| d/b/a CLARKSVILLE OIL & GAS CO., | § | |
|     *Defendants*. | § | |

**MEMORANDUM AND ORDER**

This declaratory judgment case is before the court on the defendants COG Management LLC and Wendell Reeder's motion to dismiss or, in the alternative, to transfer venue. (Dkt. 12). The motion is denied.

Plaintiff Jamestown Insurance Company, RRG issued yearly consecutive commercial general liability policies to defendants, effective November 24, 2003–2010. These policies provide coverage for certain types of lawsuits.

In 2004, Reeder filed suit against various defendants in a state district court in Wood County, Texas. These defendants filed a cross-action against Reeder and certain intervenors, asserting claims for illegal production (theft) of oil, breach of contract, a declaratory judgment, failure to correctly operate wells, conversion, and failure to produce in paying quantities resulting in loss of lease. The intervenors filed a cross-claim against Reeder, asserting that any damages suffered by the defendants were caused by Reeder. The jury found in favor of certain defendants and intervenors, and assessed varying amounts of damages against Reeder.

A second lawsuit was instituted in a state district court in Red River County against, *inter alia*, many of the defendants in the first suit. These defendants filed a counter-petition against

Reeder, asserting fraudulent transfer of property to avoid paying the damages awarded in the Wood County lawsuit. The current status of this lawsuit is unknown.

On March 25, 2011, Jamestown filed this lawsuit, seeking a declaration of the rights and obligations of the parties regarding these lawsuits. (Dkt. 1). Jamestown asserts that Reeder did not give timely notice of these lawsuits, and that they are not covered under the commercial general liability policies. *Id.* On June 2, 2011, defendants filed this motion to dismiss under Rule 12(b)(3) or alternatively transfer venue under 28 U.S.C. § 1406(a). (Dkt. 12). The parties have consented to magistrate judge jurisdiction. (Dkt. 22).

The Federal Rules of Civil Procedure authorize dismissal of a suit because of improper venue. Fed. R. Civ. P. 12(b)(3).[1] "[O]nce a defendant has raised the improper venue issue by motion, the burden of sustaining venue rests with the plaintiff." *Laserdynamics Inc. v. Acer Am. Corp.*, 209 F.R.D. 388, 390 (S.D. Tex. 2002). "On a Rule 12(b)(3) motion to dismiss for improper venue, the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007).

When the court exercises federal question jurisdiction over a case, venue is proper in, *inter alia*, a judicial district in which a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).[2] "Although the chosen venue does not have to be the place where the most relevant events took place, the selected district's contacts still must be substantial."

---

[1]Jamestown argues that defendants's filing of a motion for extension of time to file an answer to the complaint constitutes a general appearance, waiving any objection to venue. Since the court finds venue is proper, it need not consider this argument.

[2]Jamestown does not dispute defendants' contention that they reside in Red River County, Texas, in the Eastern District of Texas. *See* 28 U.S.C. § 1391(b)(1).

*McClintock v. School Board East Feliciana Parish*, 299 F. App'x 363, 365 (5th Cir. 2008). *See* 14D Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 3806.1 (3d ed. 2011) ("it is now absolutely clear . . . that there can be more than one district in which a substantial part of the events giving rise to the claim occurred").

Here, defendants point to the fact that the two lawsuits took place in Wood County and Red River County—both in the Eastern District of Texas. However, defendants initially purchased the policies from, and paid premiums to, Brewer Insurance Agency of Texas, Inc., located in Fort Bend County, Texas. (Dkt. 13-1). Moreover, all of defendants' communications to Jamestown, including their claims under the policies, were made through Brewer. *Id.* These facts are especially pertinent to Jamestown's position that defendants did not give timely notice of the lawsuits. Under 28 U.S.C. § 1391(b)(2), a substantial part of the events giving rise to the claim occurred in this district, making venue proper.[3]

## Conclusion

Accordingly, defendants' motion to dismiss or alternatively transfer venue (Dkt. 12) is denied.

Signed at Houston, Texas on August 16, 2011.

Stephen Wm Smith
United States Magistrate Judge

---

[3]Defendants alternatively seeks venue under 28 U.S.C. § 1406(a), which provides, "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Since the court finds venue is proper, § 1406 does not apply.