UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAMESTOWN INSURANCE COMPANY, RRG, §§§ *Plaintiff*, §§§§ v. §§§ COG MANAGEMENT LLC, and §§§ WENDELL REEDER, Individually and §§§ d/b/a CLARKSVILLE OIL & GAS CO., §§§ *Defendants.* §§§ | CIVIL ACTION NO. 4:11-CV-01112 |

## MEMORANDUM AND ORDER

This declaratory judgment case is before the court on plaintiff Jamestown Insurance Company, RRG's motion for summary judgment. (Dkt. 32). The motion is granted. The parties have consented to magistrate judge jurisdiction. (Dkt. 22).

### Background

Jamestown issued yearly consecutive commercial general liability ("CGL") policies to defendants, effective November 24, 2003–2010. (Dkt. 32). These policies provide coverage for occurrences causing personal injury, property damage, or advertising injury. (Dkt. 34).

In 2004, Wendell Reeder filed suit against various defendants in a state district court in Wood County, Texas ("Wood County lawsuit"). These defendants filed a cross-action against Reeder and certain intervenors, asserting claims for breach of contract, misrepresentation of operatorship, negligent operation of wells, conversion, and failure to

produce in paying quantities resulting in loss of lease. (Dkt. 34-3). The intervenors filed a cross-claim against Reeder, asserting that any damages suffered by the defendants were caused by Reeder. The jury found in favor of certain defendants and intervenors, and assessed varying amounts of damages against Reeder.

Reeder filed a second lawsuit in a state district court in Red River County ("Red River County lawsuit") against many of the defendants in the first suit. (Dkt. 32-3). These defendants filed a counter-petition against Reeder, asserting fraudulent transfer of property to avoid paying the damages awarded in the Wood County lawsuit.

On March 25, 2011, Jamestown filed this lawsuit, seeking a declaration of the rights and obligations of the parties regarding these lawsuits. (Dkt. 1). Jamestown filed this motion for summary judgment asserting that the injuries alleged in the Wood County and Red River County lawsuits are not covered under the polices and therefore no duty to defend and indemnify arises under these claims. (Dkt. 32).

## Standard of Review

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact" and therefore judgment is appropriate as a matter of law. Fed. R. Civ. P. 56(c). A dispute is "genuine" if the evidence could lead a reasonable jury to find for the non-movant. *In re Segerstrom*, 247 F.3d 218, 223 (5th Cir. 2001). "An issue is material if its resolution could affect the outcome of the action." *Terrebonne Parish*

*Sch. Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 310 (5th Cir. 2002). "[I]f the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

## Analysis

Plaintiff alleges that its duties under the policies were not triggered by the claims against Reeder in the Wood County and Red River lawsuits because there were no occurrences that caused bodily injury, property damage, or personal and advertising injury.[1] (Dkt. 32). According to the CGL policy, an occurrence means "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (Dkt. 32-1). Also, property damage is defined as "physical injury to tangible property, including all resulting loss of use of that property" or "loss of use of tangible property that is not physically injured." (Dkt. 32-1). Policy terms are given their ordinary and generally-accepted meaning unless the policy shows the words were meant in a technical or different sense. *Don's Bldg. Supply, Inc. v. OneBeacon Ins. Co.*, 267 S.W.3d 20, 23 (Tex. 2008). And when an ordinary and generally-accepted meaning cannot be assigned due to ambiguous terms, the terms are interpreted in favor of coverage. *Barnett v. Aetna Life Ins. Co.*, 723

---

1. Defendants argue only that the lawsuits allege damages that qualify as "property damage" and have not asserted any claims of bodily injury or personal and advertising injury. Thus, the Court will only address the property damage argument.

S.W.2d 663, 666 (Tex. 1987). Likewise, reasonably disputed construction of terms are resolved in favor of the insured. *Utica Nat'l Ins. Co. of Tex. V. Am. Indem. Co.*, 141 S.W.3d 198, 202 (Tex. 2004).

## Wood County Lawsuit

Regarding the Wood County lawsuit, plaintiff alleges that it owes no duty to defendants under the CGL as none of the counterclaims fall within the definition of occurrence or raise any claim arising from property damage. The Court agrees.

In the third amended cross-action, Reeder is alleged to have been negligent in complying with the Railroad Commission's regulations regarding change of operator and to have been negligent in operating the well. According to the amended final judgment (Dkt. 34-7), Reeder was found liable to the cross-plaintiffs and ordered to pay damages accordingly. The jury instructions defined negligence as "the failure to use ordinary care, that is failing to do that which a person of ordinary prudence would have done under the same or similar circumstances regarding a reasonably foreseeable risk." (Dkt. 34-8). The jury found that Reeder failed to perform as a reasonably prudent operator by engaging in conduct that amounted to either gross negligence or willful misconduct but did not specify which. Gross negligence was defined as "that entire want of care which would raise the belief that the act or omission complained or was a result of a conscious indifference to the right or welfare of the person or person to be affected by it."

However, the jury did not find that Reeder's liability was the result of an accident.[2] Without an accident, there is no "occurrence" within the meaning of the CGL and without an occurrence, there is no coverage under the policy. Therefore, summary judgment should be granted as to the Wood County Lawsuit.

### Red River County Lawsuit

As for the Red River County lawsuit, plaintiff alleges that it owes no duty to defendants because the suit was for a fraudulent transfer of property. The Court agrees. The counter-plaintiffs in the Red River County lawsuit allege that Reeder is liable for a fraudulent transfer of real property that was "made with the intent to hinder, delay, or defraud" the property that was the subject of a lien to satisfy the judgment debt of the Wood County lawsuit. (Dkt. 32-3). This type of injury cannot reasonably be categorized as property damage. Similarly, the transfer of property is an intentional act that cannot qualify as an occurrence even if it was completed on the property itself. Therefore, plaintiff has no duty to defendants in the Red River County lawsuit under the CGL and is entitled to summary judgment on this claim.

---

2. An accident is defined as an "unintended and unforeseen injurious occurrence; something that does not occur in the usual course of events, or that could not be reasonably anticipated." Black's Law Dictionary, 15, (7th ed. 1999). An accident is also defined as an "unforeseen and injurious occurrence not attributable to mistake, neglect, or misconduct." *Id.*

**Conclusion**

Accordingly, plaintiff's motion for summary judgment is granted as to both the Red River Lawsuit and Wood County Lawsuit. A separate final judgment will be issued declaring that defendants are not entitled to defense or indemnity by plaintiff for either claim.

Signed at Houston, Texas on April 2, 2012.

                                                                          _____
                                                                          Stephen Wm Smith
                                                                          United States Magistrate Judge